UNITED STATES of America,
Appellee,

v.

German MARTINEZ–GUIDO,
Appellant.

No. 02–1686.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 21, 2002.

Filed Aug. 23, 2002.

Before LOKEN, BYE, and RILEY, Circuit Judges.

PER CURIAM.

After a jury trial, German Martinez–Guido was convicted of conspiring to dis-

---

tribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court[1] sentenced Martinez–Guido to 188 months imprisonment and 5 years supervised release on each count, to be served concurrently. On appeal, counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the district court erred in applying a 2–level role-in-the-offense enhancement. In his pro se supplemental brief, Martinez–Guido argues that he received ineffective assistance of counsel; that the court and defense counsel violated Federal Rule of Criminal Procedure 11(c); that, although Congress made methamphetamine a Schedule III controlled substance with a maximum sentence of 5 years imprisonment, the Attorney General changed it to a Schedule II controlled substance, in violation of the separation of powers; and that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

We reject these arguments seriatim. The district court did not clearly err in imposing the 2–level role enhancement based on the evidence that Martinez–Guido directed at least one other person, *see United States v. Van Chase,* 137 F.3d 579, 583–84 (8th Cir.1998); the ineffective-assistance claims are not properly before us, *see United States v. Martin,* 59 F.3d 767, 771 (8th Cir.1995); Rule 11 is not applicable because Martinez–Guido pleaded not guilty and went to trial, *see* Fed.R.Crim.P.

11(c); the separation-of-powers argument was not raised below and thus we do not address it except to say that we find no plain error, *see United States v. Kempis–Bonola,* 287 F.3d 699, 701 (8th Cir.2002) (standard of review), *petition for cert. filed,* No. 02–5415 (July 15, 2002); and there was no *Apprendi* violation.

Following our independent review, *see Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

---

[1]. The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa.